**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL RAY SEPULVEDA,

    Defendant - Appellant.

No. 18-2024
(D.C. No. 2:17-CR-01358-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Michael Sepulveda accepted a Fed. R. Crim. P. 11(c)(1)(C) plea agreement and pleaded guilty to one count of enticement of a minor, in violation of 18 U.S.C. § 2422(b), and one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b). He was sentenced to 25 years of imprisonment, within the range to which the parties stipulated in the plea agreement. Although the plea agreement contained an appeal waiver, Mr. Sepulveda appealed. The government moves to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. We need not address a *Hahn* factor that the appellant does not contest. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

In his response to the government's motion, Mr. Sepulveda, through counsel, concedes that his appeal waiver is enforceable as to this direct appeal, and he does not contest any of the *Hahn* factors. Accordingly, the motion to enforce is granted, and this matter is terminated.

Entered for the Court
Per Curiam

2